UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RHONDA SHORT AND )
PENNY FORD, CO-GUARDIANS FOR )
ROY R. FORD, AN INCAPACITATED )
PERSON, )
                                                            )
      Plaintiffs, )
                                                            )
vs. ) Case No.: 4:06CV0448-J
                                                            )
GEORGE LUKACS AND )
SUNNY EXPRESS, INC., )
                                                            )
     Defendants. )

## *MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND THIS CAUSE TO STATE COURT*

### BACKGROUND

Defendant Sunny Express, Inc. was served via registered mail forwarded by the Missouri Secretary of State pursuant to Missouri Revised Statute Section 506.240 on February 7, 2006. Defendant George Lukacs has not to this date received or signed for service via registered mail, nor have the postal authorities made a statement that he refused to receive and receipt for such mail.

Rule 44.01(e) of the Missouri Rules of Civil Procedure provides that whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served by mail, three days shall be added to the prescribed period. Defendants filed their Notice of

Removal with this Court on March 10, 2006, which is within the thirty-day required period prescribed by 28 U.S.C. Section 1446(b).

## FACTS

Plaintiffs filed the underlying State court action in the Circuit Court of Phelps County, Missouri on December 23, 2005, and summons was issued thereafter to the Sheriff of Cole County for service on the Missouri Secretary of State pursuant to Missouri Revised Statute Section 506.240. The Secretary of State's office then forwarded a copy of the summons and petition via registered mail to defendant Sunny Express, Inc. pursuant to the statute, which signed the return receipt on February 7, 2006.

Defendants filed their Notice of Removal pursuant to 28 U.S.C. Section 1446(b) on March 10, 2006. Plaintiffs filed a Motion to Remand this cause to State court on April 10, 2006, erroneously interpreting the Missouri long arm statute to provide for proof of service on the defendant by simply forwarding the summons and petition to the Missouri Secretary of State.

## ARGUMENT

Title 28 U.S.C. §1446(b) provides in relevant part that the notice of removal of a civil action or proceeding shall be filed within thirty days *after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such claim or proceeding is based. Defendants filed their Notice of Removal after service of the summons and petition on the defendant via registered mail pursuant to Missouri Revised Statute Section 506.240, which with the additional three days provided for by Rule 44.01(e) for service by mail was within the thirty days for filing for said removal.

Missouri Revised Statute Section 506.240(2) provides that the Secretary of State shall mail the summons and petition to a defendant by restricted, registered mail. This term "restricted,

2

registered mail" is defined by Section 506.200(2) as mail which carries on the face thereof in a conspicuous place, where it will not be obliterated, the endorsement, 'deliver to addressee only,' and which also requires a return receipt or a statement by the postal authorities that the addressee refused to receive and receipt for such mail.

Section 506.270 requires, in addition to affidavits of mailing, that "the returned registry receipt shall be forthwith filed with the court in which such action is filed and pending." Section 506.260 provides that, in lieu of mailing, "plaintiff may cause said notification to be personally served in the foreign state on the defendant." By requiring either a signed receipt or a statement of refusal to receive summons and petition, the Missouri Legislature clearly intended personal notification to show that the defendant personally had an opportunity to know about the suit against him.

The Missouri Rules of Civil Procedure likewise provide for personal notification of the defendant. Rules 54.15(a) and 54.15(b) of the Missouri Rules of Civil Procedure, provide that service of process on the Secretary of State is <u>not</u> complete until a copy of the summons and petition is served on the appropriate official who shall forthwith mail to the defendant at the defendant's last known address a copy of such service and a copy of the summons and petition by registered or certified mail requesting a return receipt by signed addressee only. Rule 54.20(c) of the Missouri Rules of Civil Procedure provides that the notice to the defendant specified in Rule 54.15 shall be proved by the affidavit of the official mailing such notice, which shall be endorsed upon or attached to the original papers to which it relates and it, together with the return registered or certified mail receipt, shall be forthwith filed in the court in which the action is pending.

Plaintiffs acknowledge a United States District Court case in the Eastern District of

Missouri, Southern Division, holding that service on the Secretary of State does not trigger the start of a defendant's thirty-day time period within which to file a notice of removal. *See Welker v. Hefner*, 97 F.Supp. 630 (E.D.Mo.1951). The only other case law cited by plaintiffs is a United States Supreme Court case, which does not support their interpretation of the statute and addresses a distinct different issue of whether the thirty-day period for removal starts earlier when the named defendant receives a "courtesy copy" of the filed Complaint faxed by plaintiff's counsel before service of official process. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed. 448 (1999). In that case, plaintiff properly served the defendant under local law by certified mail and the Supreme Court simply held that the date of service by mail triggers the thirty-day period and not the earlier date of receipt of the facsimile. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed. 448 (1999).

To put it simply, in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, supra, the Supreme Court was not examining the issue at hand and was not posed with the constitutional issue at hand of allowing proof of service before the named defendant received a copy, in any form, of the summons and petition. Missouri case law is clear in that regard.

In *Parker v. Bond*, 330 S.W.2d 121 (Mo. banc 1959), the Missouri Supreme Court dealt with this issue of the sufficiency of process under §§506.200-506.320, the so-called "long arm" statute, for use in actions against nonresident motorists. The Court held that, under §§506.200-506.320, service through the Secretary of State "is good only if the required return receipt is filed either signed by the addressee or with a statement by the postal authorities that the addressee refused to receive and receipt for such mail." *Parker* at 126.

The Court went further and stated that §§506.200-506.320, in so far as they provide for

4

service of process on nonresident motorists or their executors, administrators, or legal representatives by serving the Secretary of State and for the mailing of that process to and the actual receipt thereof by a nonresident defendant, are constitutional and valid, but that in so far as those sections may provide that valid service of process on nonresident motorists or their representatives may be accomplished by merely mailing such to defendant's last known address, irrespective of whether actually received by defendant, are violative of the due process clauses of the state and federal constitutions. *Parker* at 122.

The United States Supreme Court has also held, in dealing with the validity of the Long Arm Statute of New Jersey, that the fact a nonresident sued for injury inflicted while using highways of the state had actual notice of the suit does not render valid the statute under which the suit was brought, which permitted service of process on a state official without providing notice to defendant, or validate a judgment rendered in accordance with the provisions of such statute. *See Wuchter v. Pizzutti*, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928).

## CONCLUSION

Actual service of process is fundamental to any procedural imposition on a defendant. It is the procedure by which a court asserts jurisdiction over the person of the party served. Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of process upon him. Plaintiffs are attempting to give the statute a construction that would make it unconstitutional, when there is an opposite reasonable construction eliminating any constitutional question. The removal was timely filed. Accordingly, defendants request the Court deny plaintiffs' Motion to Remand.

Respectfully Submitted,

/s/ Daniel T. Rabbitt
Daniel T. Rabbitt   #18652
Jennifer J. Gerdes   #507323
Federal Registration No. 4111
RABBITT, PITZER & SNODGRASS, P.C.
Attorneys for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this **14**th day of **April**, 2006 to be served by operation of the Court's electronic filing system upon the following:  Mr. Kelly R. Bailey, Attorney for Plaintiffs, 112 South Mr. Stanley Brian Cox, Attorney for Plaintiffs, 202 West 4th Street, Sedalia, Missouri 56301; Mr. Al W. Johnson, Attorney for Plaintiffs, 112 South Hanley Road, Suite 200, St. Louis, Missouri 63105; Mr. Rick Koenig, Attorney for Plaintiffs, 600 South Ohio, Sedalia, Missouri 65301; Mr. John Turner, Mr. Christopher Sweeney, Attorneys for Plaintiffs, 10401 Holmes Road, Suite 450, Kansas City, Missouri 64131.

/s/ Daniel T. Rabbitt