UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RHONDA SHORT and PENNY FORD, co-guardians for ROY R. FORD, an incapacitated person, | ) ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) Case No. 4:06CV448 JCH ) |
| GEORGE LUKACS and SUNNY EXPRESS, INC., | ) ) ) ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand this Cause to State Court, filed April 10, 2006. (Doc. No. 10). The matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiffs filed their original Petition for Damages in this matter in the Circuit Court of Phelps County, Missouri, at Rolla, in December, 2005. (Petition for Damages (hereinafter "Complaint" or "Compl."), attached to Defendants' Notice of Removal). In their Complaint, Plaintiffs allege that on or about October 15, 2005, Defendant George Lukacs, in the course and scope of his employment with Defendant Sunny Express, Inc., ("Sunny Express"), was operating a 1999 Volvo tractor trailer on Interstate 44, in Phelps County, Missouri. (Compl., ¶ 7). Plaintiffs further allege that on that date, Defendant Lukacs, "negligently caused and permitted that motor vehicle to collide with the rear of a vehicle being driven by Plaintiff Roy R. Ford, causing Plaintiff Roy R. Ford to sustain personal injuries and damages." (Id.). Plaintiffs Rhonda Short and Penny Ford are the legally appointed Co-Guardians for Roy R. Ford. (Id., ¶ 1).

Pursuant to Missouri Revised Statute Sections 506.210 and 506.240, Plaintiffs served copies of their Complaint and Summons on the Missouri Secretary of State on January 18, 2006.[1] (Plaintiffs' Motion to Remand, ¶ 2, citing Exhs. 1, 2). On February 7, 2006, Defendant Sunny Express was served via registered mail forwarded by the Missouri Secretary of State. (Memorandum in Support of Defendants' Opposition to Plaintiffs' Motion to Remand this Cause to State Court ("Defendants' Memo in Opp."), P. 1).

Defendants removed the action to this Court on March 10, 2006. (Doc. No. 1). In doing so, Defendants asserted this Court possesses jurisdiction over this matter under 28 U.S.C. § 1332, as the action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Id., ¶¶ 2, 3).

---

[1] Mo. Rev. Stat. § 506.210 states in relevant part as follows:
The use and operation of a motor vehicle or trailer in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:
> (1) An agreement by him that he....shall be subject to the jurisdiction of the courts of this state in all civil actions and proceedings brought against him....by either a resident or a nonresident plaintiff, for damages to person or property, including actions for death, growing or arising out of such use and operation; and
> (2) An appointment by such nonresident....of the secretary of state of Missouri as his lawful attorney and agent upon whom may be served all process in suits pertaining to such actions and proceedings;
> (3) An agreement by such nonresident that any process in any suit so served shall be of the same legal force and validity as if personally served in this state.

Mo. Rev. Stat. § 506.240 states as follows:
> 1. Service of process under sections 506.200 to 506.320 shall be made by delivering a copy of the summons, with a copy of the petition attached, to the secretary of state of Missouri at his office, or in his absence, to the chief clerk of the secretary of state, at his office, and such service shall be sufficient service upon such nonresident.
> 2. The secretary of state shall immediately mail to the defendant, and to each of them if there be more than one, by restricted, registered mail, addressed to the defendant at his last known address, residence or place of abode a notice of such service and a copy of such process and petition.

As stated above, Plaintiffs filed their Motion to Remand on April 10, 2006. (Doc. No. 10). In their motion, Plaintiffs maintain this cause should be remanded to state court, because Defendants' Notice of Removal was untimely filed. (Plaintiffs' Motion to Remand, ¶¶ 4, 5).

## DISCUSSION

"It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813 at *2 (E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

Pursuant to 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..." 28 U.S.C. § 1446(b). In support of their Motion to Remand, Plaintiffs first assert Defendants' removal was untimely, as the official trigger for such action was the service of process on the Missouri Secretary of State on January 18, 2006. (Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Remand this Cause to State Court, PP. 1-3). Plaintiffs further assert the removal notice was untimely even if one considers the date on which Sunny Express received the summons and petition from the Secretary of State, as Sunny Express admittedly received the certified mail on February 7, 2006, but did not file its Notice of Removal until March 10, 2006, thirty-one days later. (Id., PP. 3-4). Because it is dispositive, the Court considers only Plaintiffs' latter argument.

In their response, Defendants acknowledge Sunny Express signed the required return receipt on February 7, 2006. (Defendants' Opposition to Plaintiffs' Motion to Remand this Cause to State

Court, ¶ 8). Defendants maintain their Notice of Removal, filed thirty-one days later, nevertheless was timely, because Federal Rule of Civil Procedure 6(e) extends by three days the thirty-day period prescribed by 28 U.S.C. § 1446(b).[2] (Defendants' Memo in Opp., PP. 1-2).

Upon consideration, this Court agrees with the great majority of courts to consider the issue, and concludes that Rule 6(e) does not extend the statutory thirty-day period for filing a notice of removal. See, e.g., Daniel v. United Wisconsin Life Ins. Co., 84 F.Supp.2d 1353, 1357 (M.D. Ala. 2000); Mitchell v. Kentucky-American Water Co., 178 F.R.D. 140, 142 (E.D. Ky. 1997); L & O Partnership No. 2 v. Aetna Cas. and Sur. Co., 761 F.Supp. 549, 550 (N.D. Ill. 1991); Skidaway, 738 F.Supp. at 981. See also Begay v. St. Joseph's Indian School, 922 F.Supp. 270, 272 (D. S.D. 1996) (holding Rule 6(e) does not afford a Title VII plaintiff three additional days in which to file her complaint after receipt of a right to sue letter from the EEOC). Thus, because Defendants filed their notice of removal thirty-one days after receiving Plaintiffs' complaint, their notice of removal was untimely, and remand is proper. Daniel, 84 F.Supp. 2d at 1357.

---

[2] Defendants actually rely on Rule 44.01(e) of the Missouri Rules of Civil Procedure, to support their assertion that three days should be added to the prescribed period. (Defendants' Memo in Opp., PP. 1-2). The Court notes that analysis in this diversity case focuses on the federal procedural rule, rather than the state procedural rule. See Skidaway Associates, Ltd. v. Glens Falls Ins. Co., 738 F.Supp. 980, 981 n. 2 (D. S.C. 1990).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand this Cause to State Court (Doc. No. 10) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of Phelps County, Missouri, at Rolla. An appropriate Order of Remand will accompany this Order.


Dated this 11th day of May, 2006.


                                          /s/ Jean C. Hamiton
                                          UNITED STATES DISTRICT JUDGE